# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| MARVEN MacLEAN, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:08-cv-059 |
| | § | |
| JOHN D. McCARROLL, D.V.M. and | § | |
| EQUINE MEDICAL ASSOCIATES, P.A., | § | |
|     Defendants. | § | |

## ORDER GRANTING IN PART AND DENYING PART
## PLAINTIFF'S MOTIONS TO COMPEL

Before the court are the "Plaintiff's Motion to Compel Defendants' Answers to Interrogatories and Responses to Requests for Production and Memorandum in Support Thereof" (de # 53), the Defendants' Response (de # 55) thereto, the "Plaintiff's Motion to Compel Responsible Third Parties['] . . . Responses to Plaintiff's Deposition Upon Written Questions" (de # 60) and briefing responsive thereto. Having reviewed the Motions, the arguments of the parties and the relevant legal principles, the court is of the opinion that both Motions should be GRANTED IN PART and DENIED IN PART.

The Plaintiff sued the Defendants on a state law negligence theory. In 2006, the Plaintiff purchased a horse, Ally McBlaze, from Schroeder Ranch, operated by Robbie and Joan Schroeder (collectively, "the Schroeders"). Prior to taking delivery of the horse, the Plaintiff had the horse inspected to ensure that it was physically capable of the tasks for which the Plaintiff purchased the horse. Dr. John McCarroll performed that inspection, giving Ally McBlaze a bill of good health, and the Plaintiff relied on the representation in accepting the horse. Upon taking delivery of the horse, the Plaintiff noticed that it displayed difficulty in walking along with signs of lameness. The Plaintiff had Ally McBlaze inspected again, and the horse was diagnosed with a degenerative

condition in the bones of its front feet. The Plaintiff asserts that this condition should have been identified by Dr. McCarroll and that had he done so, the Plaintiff would not have taken delivery of the horse. The Schroeders were previously defendants in this matter as well, but the Plaintiff has settled his claims against them. They have been designated as responsible third parties.

On August 14, 2008, the Plaintiff served the discovery requests at issue, and the Defendants submitted their responses and objections. The Plaintiff served the subpoena at issue on the Schroeders on November 5, 2008. In the requests that form the bases of the Motions, the Plaintiff purportedly seeks to obtain information that would establish (i) the Defendants' experience in examining horses, (ii) any bias the Defendants may have with respect to the Schroeders and (iii) that the Defendants should have discovered Ally McBlaze's unfitness. The Defendants and the Schroeders respond by arguing that the requests at issue seek information that is irrelevant to the issues in this case.

Federal Rule of Civil Procedure 26(b)(1) provides that discovery may be obtained "regarding any nonprivileged matter that is relevant to any party's claim or defense . . ." However, discovery must be limited by the court if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit." FED. R. CIV. P. 26(b)(2)(C).

The discovery rules are accorded a broad and liberal treatment to affect their purpose of adequately informing litigants in civil trials. *Herbert v. Lando*, 441 U.S. 153, 176, 99 S. Ct. 1635, 60 L. Ed. 2d 115 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries,"

*Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507, 67 S. Ct. 385, 91 L. Ed. 451 (1947)), and it is well established that the district court has wide discretion in establishing the confines of discovery. *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 220 (5th Cir. 2000).

Courts have recognized that while it is true that relevance in discovery is broader than that required for admissibility at trial, "the object of inquiry must have some evidentiary value before an order to compel disclosure of otherwise inadmissible material will issue." *Piacenti v. Gen. Motors Corp.*, 173 F.R.D. 221, 223 (N.D.Ill. 1997). Further, the information must be "reasonably calculated to lead to the discovery of admissible evidence." *Id*. Courts have also recognized that "the legal tenet that relevancy in the discovery context is broader than in the context of admissibility should not be misapplied so as to allow fishing expeditions in discovery." *Id*.

A number of the discovery requests served by the Plaintiff are indeed either overbroad or seek information that is irrelevant even under the broad conception of relevance under Rule 26. For example, Interrogatory 2 requests a broad swath of information regarding any horse in which the Defendants have held a financial interest since 2001. It is unclear how such information is reasonably calculated to lead to evidence that would be admissible in this lawsuit regarding the Defendants' inspection of Ally McBlaze. Interrogatories 3, 4 and 9 and Request for Production 5 seek similarly overbroad and irrelevant information from the Defendants.

The remainder of the requests at issue, however, do seek relevant information. For example, Interrogatory 17 requests information relating to any business interests held by both the Defendants and the Schroeders. Any such interests may tend to suggest a bias on the part of Dr. McCarroll which could provide an explanation for any negligence in the inspection of Ally McBlaze.

Interrogatories 17 and 18 and Requests for Production 11, 24-26 and 30 do seek this kind of information, and such information is discoverable. Additionally, Requests for Production 28 and 29 seek information relating to work done previously by Dr. McCarroll on horses in Ally McBlaze's lineage. Such work, and the extent to which it was taken into account during the assessment of Ally McBlaze is relevant under Rule 26. Accordingly, these requests should be answered in full by the Defendants.

The Schroeders need not duplicate productions made by the Defendants. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Thus, the Schroeders do not need to produce the identical documents produced by the Defendants. If the Schroeders have custody of any documents responsive to subpoena requests 1-10 that are not produced by the Defendants for whatever reason, the Schroeders must produce those documents. Subpoena request 11 seeks information that is irrelevant to the issues in this case. Accordingly, the Schroeders do not need to respond to that request.

Based on the foregoing, the court is of the opinion that the "Plaintiff's Motion to Compel Defendants' Answers to Interrogatories and Responses to Requests for Production" (de # 53) should be, and hereby is, GRANTED IN PART and DENIED IN PART. The Motion is granted insofar as it requests responses to Interrogatories 17 and 18 and Requests for Production 11, 24-26, and 28-30. The Motion is denied insofar as it requests responses to Interrogatories 2-4 and 9 and Request for Production 5. In addition, the court is of the opinion that the "Plaintiff's Motion to Compel Responsible Third Parties['] . . . Responses to Plaintiff's Deposition Upon Written Questions" (de # 60) should be, and hereby is GRANTED IN PART and DENIED IN PART. The Motion is granted insofar as it seeks compliance with subpoena requests 1-10 to the extent that the Schroeders have custody of documents not produced by the Defendants that are responsive to those requests. The

Motion is denied insofar as it requests compliance with subpoena requests 11.

IT IS SO ORDERED.

**SIGNED this the 5th day of June, 2009.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE