# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

MARVEN MacLEAN,                         §
    Plaintiff,                          §
                                        §
v.                                      §    Case No. 4:08-cv-059
                                        §
JOHN D. McCARROLL, D.V.M. and           §
EQUINE MEDICAL ASSOCIATES, P.A.,        §
    Defendants.                         §

## ORDER DENYING DEFENDANTS' MOTION TO COMPEL

Before the court are the Defendants' "Motion to Compel" (de # 99) and the Plaintiff's Response (de # 110) thereto. This lawsuit centers around a pre-purchase examination of a horse purchased by the Plaintiff conducted by the Defendants. Specifically, the Plaintiff purchased a horse in 2006, and enlisted the Defendants to examine the horse to ensure that it was in good physical health. The examination revealed that the horse was in good health. Upon taking delivery of the horse, the Plaintiff quickly observed that the horse showed difficulty and pain in walking. The Plaintiff then had the horse examined again. The latter examination revealed a degenerative condition in the horse's front feet that the Plaintiff alleges should have been observed by the Defendants during the pre-purchase examination. The Plaintiff filed this lawsuit, alleging veterinary negligence on the part of the Defendants.

In this Motion, the Defendants' seek an order of the court compelling the Plaintiff to respond fully to eight requests for production seeking documents related to the veterinary care of the horse. The Plaintiff states in his Response that he has produced all responsive documents except for two letters sent by veterinarians to the Texas Board of Veterinary Medical Examiners. The letters were sent in conjunction with an investigation conducted in response to a complaint to the Board by the

Plaintiff regarding the Defendants' handling of the pre-purchase examination. Texas law provides that veterinary records are privileged. TEX. OCC. CODE § 801.353(a) (Vernon 2009). This privilege, however, ". . . does not apply to an inspection or investigation conducted by the board or an agent of the board." *Id*. at 801.353(e). But "[a]n investigation record of the board, including a record relating to a complaint that is found to be groundless, is confidential." *Id*. at 801.207(b). Thus, the Plaintiff's withholding of the letters to the Board is proper because they are investigation records of the Board. Regarding the remainder of the requests for production, the Plaintiff states unequivocally that he has produced all documents responsive to those requests. In light of the Plaintiff's representation to the court, the Plaintiff's duty of candor to the court and the Plaintiff's ongoing duty to supplement discovery responses, FED. R. CIV. P. 26(e), the court finds the remainder of the Motion to be without basis. Accordingly, the court is of the opinion that the Defendants' "Motion to Compel" (de # 99) should be, and hereby is, DENIED.

IT IS SO ORDERED.

**SIGNED this the 30th day of June, 2009.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE