**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| MARVEN MacLEAN, § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | Case No. 4:08-cv-059 | |
| § | | |
| JOHN D. McCARROLL, D.V.M. and § | | |
| EQUINE MEDICAL ASSOCIATES, P.A., § | | |
|     Defendants. § | | |

**MEMORANDUM OPINION & ORDER DENYING
DEFENDANTS' MOTION TO DISMISS**

Before the court are the following:

1. [Defendants'] Motion to Dismiss for Want of Standing (de # 70);

2. Plaintiff's Response to Motion to Dismiss for Want of Standing, and Brief in Support (de # 71);

3. Defendants' Reply to Plaintiff's Response to Defendants' Motion to Dismiss for Want of Standing, and Brief in Support (de # 72); and

4. Plaintiff's Sur-reply to Motion to Dismiss for Want of Standing, and Brief in Support (de # 73).

Having considered the Motion, the responsive briefing and the relevant legal principles, the court is of the opinion that the Defendants' Motion to Dismiss for Want of Standing should be DENIED.

**I. BACKGROUND**

Marven MacLean filed this lawsuit alleging veterinary negligence on the part of Dr. John McCarroll and Equine Medical Associates (collectively, "the Defendants"). In March of 2006, MacLean purchased a horse, Ally McBlaze, from a ranch known as Schroeder Ranch. As part of that transaction, MacLean had the horse examined by Dr. McCarroll to ensure that he was purchasing a healthy horse. McCarroll represented the horse's physical health as being normal, and the

transaction was consummated. Upon receiving the horse on Prince Edward Island, Canada, however, MacLean quickly observed that the horse experienced difficulty and pain in walking. MacLean had the horse examined a second time, and the second examination revealed a degenerative condition in the horse's front feet. MacLean alleges that the condition should have been evident when McCarroll examined the horse and that he would not have purchased the horse had McCarroll informed him of the condition.

During his deposition, MacLean revealed that he purchased the horse not for himself, but for a partnership formed between him and his wife and a Mike Hickey and his wife. MacLean represented to Schroeder Ranch that the purchase was for the partnership. The Hickeys paid all of the money for the purchase and veterinary care of the horse. MacLean's contribution to the partnership was to manage the horse, including arranging the purchase, securing insurance, making veterinary arrangements and training the horse. MacLean essentially took care of all of the daily operations regarding the horse.

The Defendants filed their Motion, asking the court to dismiss the lawsuit on the ground that MacLean lacks standing because the cause of action belongs to the partnership. In response, MacLean argues that he has standing to bring the lawsuit under the dormant partner doctrine. Alternatively, MacLean seeks leave to substitute the real party in interest under Rule 17(a)(3). The court finds under Canadian law that the Hickeys are silent partners. Accordingly, MacLean does have standing as an individual to prosecute this lawsuit.

## II. DISCUSSION & ANALYSIS

In order to establish Article III standing, a plaintiff must demonstrate the existence of three concepts: that the litigant "[1] has suffered a concrete and particularized injury that is either actual

or imminent, [2] that the injury is fairly traceable to the defendant, and [3] that it is likely that a favorable decision will redress that injury." *Massachusetts v. EPA*, 549 U.S. 497, 517 (2007) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

Under Texas law, a partnership is an entity distinct from its partners and has the power to sue and be sued in its own name. TEX. BUS. ORG. CODE § 152.056 (Vernon 2009). Thus, "a partnership cause of action belongs to and is the specific property of the partnership, and that one merely owning an interest in the partnership may not, absent exceptional circumstances, bring suit either on such a cause of action as a whole, whether in the name of the partnership or in his own name, or for the fractional share of such a cause of action corresponding to his fractional interest in the partnership." *Cates v. Int'l Tel. & Tel. Corp.*, 756 F.2d 1161, 1176 (5th Cir. 1985). Texas courts, however, recognize an exception to this requirement known as the "silent" or "dormant" partner exception. The dormant partner "*may* join in the action, but need not do so, or the action may be brought by the ostensible partner alone for he is the person with whom the contract was expressly made." *Chien v. Chen*, 759 S.W.2d 484, 490 (Tex. App.—Austin 1988, no writ). A dormant partner "is one who participates in the profits of the trade, but conceals his name." *Speake v. Prewitt*, 6 Tex. 252, 258 (1851). "A dormant partner differs from an actual, ostensible partner, in that his name being suppressed and concealed from the firm, his interest is consequently not apparent." *Id*.

MacLean properly argues that Canadian law supplies the standard by which Mike Hickey's status as a dormant partner is to be judged. The law governing the internal affairs of a partnership is "the law of the state chosen by the partners to govern if that state bears a reasonable relation to the partners or to the partnership business" or the law of the state where the partnership's chief executive office is in the absence of such an election. TEX. REV. CIV. STAT. ANN. art. 6132b-1.05(a)(1)-(2)

(Vernon Supp. 2007). A partner's status within the partnership with respect to his other partners is clearly an internal affair. It is not apparent from the evidence whether the partners chose the law of Canada as that governing their affairs, but MacLean states in his affidavit that all of the partnership's assets are in Canada. (Pl.'s Resp. Ex A.) Thus, Canadian law governs the determination as to whether Hickey is a silent or dormant partner.

"It is accepted law that not every partner is required to contribute time, effort and skill to a partnership . . . [T]hose other partners must contribute something to the partnership. If it is not time, effort and skill, then it must be in the form of capital." *McEwen Bros. Ltd. v. The Queen*, [1999] 4 F.C. 225, 243; *see also Mr. W v. Minister of Nat'l Revenue*, [1952] Ex. C.R. 416, 426 (describing a "dormant partner" as a "person who contributes property without labour, and has the rights of a partner. . ."). Thus, the Canadian concept of the dormant partner is very much in line with that seen in Texas law. It is true that the few Texas cases discussing the doctrine concentrate on the dormant partner's name being concealed from the parties with whom the partnership deals, while the Canadian cases appear to focus more on the nature of the dormant partner's contribution to the partnership. But this distinction does not yield a difference. In either case, the outside party's expectations with regard to his dealings with the partnership are created without the identity of the dormant partner in mind.

Hickey contributed capital to the partnership, and MacLean ran the partnership's operations. Additionally, Hickey's identity was concealed from Schroeder Ranch at the time the horse was bought. Thus, Hickey is a dormant partner, and this lawsuit may be prosecuted by MacLean, the ostensible partner. *Chien*, 759 S.W.2d at 490. The Defendants point out that Hickey's name was listed on a veterinary bill and argue that this fact renders MacLean's dormant partner argument

meritless. Indeed, Hickey did pay for veterinary services on the horse performed in Canada and arranged by MacLean. And Hickey's name appears on that invoice. But the veterinary invoice on which Hickey's name is disclosed is completely unrelated to either Schroeder Ranch or the Defendants. Hickey's "interest [was] consequently not apparent" to the Defendants, and his status as a silent partner was preserved. *Speake*, 6 Tex. at 258.

## IV. CONCLUSION

The court finds that Texas law, which supplies the rules of decision in this lawsuit, would look to Canadian law to determine whether MacLean's partners are dormant. The court finds under Canadian law that the partners with whom MacLean entered the partnership to purchase the horse at issue are silent partners. Accordingly, MacLean fits into the dormant partner exception to the general rule that a partnership cause of action must be prosecuted in the name of the partnership. As the ostensible partner, he may prosecute this action in his own name. Therefore, the Defendants' Motion to Dismiss for Want of Standing (de # 70) should be, and hereby is, DENIED. This decision renders moot the Defendants' "Motion for Leave to File Defendants' Response to Plaintiffs Rule 17(a)(3) Affidavits" (de # 90). That Motion should be, and hereby is, DENIED AS MOOT.

**SIGNED this the 30th day of June, 2009.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE