# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| MARVEN MacLEAN, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:08-cv-059 |
| | § | |
| JOHN D. McCARROLL, D.V.M. and | § | |
| EQUINE MEDICAL ASSOCIATES, P.A., | § | |
|     Defendants. | § | |

## ORDER DENYING PLAINTIFF'S MOTION TO STRIKE

Before the court are the "Plaintiff's Motion to Strike Designation of Responsible Third Parties, and Brief in Support" (de # 105) and the Defendants' Response (de # 119) thereto. This lawsuit is based on alleged veterinary negligence committed by the Defendants in conducting a prepurchase examination on a horse purchased by the Plaintiff. After conducting the examination, the horse's physical health was represented to the Plaintiff as being "normal," and the Plaintiff went through with the purchase. Upon taking delivery of the horse, the Plaintiff quickly observed that the horse showed pain and difficulty in walking. The Plaintiff had the horse examined by a different veterinarian, and the second examination revealed that the horse had a degenerative condition in its front legs. The Plaintiff alleges that the condition existed when the Defendants examined the horse, that the condition should have been observed by the Defendants and that the Plaintiff would not have purchased the horse had the proper diagnosis been made.

On December 5, 2008, the court signed an order designating Schroeder Ranch and Robbie and Joan Schroeder (collectively, "the Schroeders"), from whom the Plaintiff purchased the horse, as responsible third parties under Chapter 33 of the Texas Civil Practice and Remedies Code. The basis for the designation was that the facts alleged by the Plaintiff would support a claim by the

Plaintiff against the Schroeders for money had and received. (*See* de # 52 at 3.) Because the court finds some basis in the pleadings on which the Plaintiff could have grounded such a claim, the designation is appropriate and the instant Motion, therefore, should be DENIED.

Money had and received is an equitable claim recognized by Texas courts, the supporting policy of which is "to restore money where equity and good conscience require restitution." *Edwards v. Mid-Continent Office Distribs., L.P.*, 252 S.W.3d 833, 837 (Tex. App.—Dallas 2008, pet. denied). A money had and received claimant is not confined by technical elements found in a great number of claims, but he must generally show that he has given some consideration to another which "'in equity, justice and law' belongs to" him. *Best Buy Co. v. Barrera*, 248 S.W.3d 160, 163 (Tex. 2007) (quoting *Staats v. Miller*, 150 Tex. 581, 243 S.W.2d 686, 687 (Tex. 1951)).

As mentioned above, the Plaintiff alleges that he was sold a horse that was lame at the time of purchase. Thus, while a fully-informed assessment of the horse's condition would have rendered the horse with little to no value, the information upon which the Plaintiff and the Schroeders proceeded established a significant market value for the horse—the price paid by the Plaintiff. There is no allegation that the Schroeders knew the horse to be lame at the time of the sale. The Plaintiff has alleged, however, that "it was *immediately apparent* that the horse was experiencing difficulty walking, [*sic*] and showed signs of lameness." (Pl.'s First Am. Compl. ¶ 10.) Thus, while the Plaintiff and the Schroeders may have been proceeding under a mutual mistake of fact regarding the horse's condition, "the party that must suffer the loss is the one that mistakenly created the situation and was in the best position to have avoided it." *Edwards*, 252 S.W.3d at 838. As the horse's caretakers from its birth, the Schroeders were clearly in a better position than the Plaintiff to have avoided the loss. In looking after the young horse and anticipating its sale, the Schroeders would

have frequently observed and interacted with it and taken care of its veterinary needs. The Plaintiff's argument that no claim for money had and received flows from his allegations depends upon the bold assumption that the very first outward signs of the horse's lameness were not apparent until its arrival in Canada. This indulgence is not supported by either a fair reading of the live pleading or by application of common sense.

Based on the foregoing, the court is of the opinion that the "Plaintiff's Motion to Strike Designation of Responsible Third Parties, and Brief in Support" (de # 105) should be, and hereby is, DENIED.

IT IS SO ORDERED.

**SIGNED this the 2nd day of July, 2009.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE