# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| MARVEN MacLEAN, §<br>Plaintiff, §<br>§<br>v. §<br>§<br>JOHN D. McCARROLL, D.V.M., and §<br>EQUINE MEDICAL ASSOCIATES, P.A., §<br>Defendants. § | Case No. 4:08-cv-059 |

## ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND

Before the court are the "Plaintiff's Motion for Leave to File Plaintiff's Second Amended Original Complaint, and Brief in Support" (de # 102) and the Defendants' Response (de # 118) thereto. Having considered the Motion, the arguments posed by the parties and the relevant legal principles, the court is of the opinion that the Motion should be DENIED.

This lawsuit is based on alleged veterinary negligence committed by the Defendants in conducting a prepurchase examination on a horse purchased by the Plaintiff. After conducting the examination, the horse's physical health was represented to the Plaintiff as being "normal," and the Plaintiff went through with the purchase. Upon taking delivery of the horse, the Plaintiff quickly observed that the horse showed pain and difficulty in walking. The Plaintiff had the horse examined by a different veterinarian, and the second examination revealed that the horse had a degenerative condition in its front legs. The Plaintiff alleges that the condition existed when the Defendants examined the horse, that the condition should have been observed by the Defendants and that the Plaintiff would not have purchased the horse had the proper diagnosis been made.

As the time to amend pleadings freely under the scheduling order has expired, the Plaintiff seeks leave to amend his complaint to state a claim of fraud against the Defendants. Dr. McCarroll

was deposed on January 8, 2009, and the Plaintiff claims that the testimony then given was the first indication that McCarroll had an ongoing relationship with the ranch from which the Plaintiff purchased the horse. The Plaintiff argues that until this link was made, there was no indication of fraud on the part of Dr. McCarroll.

Rule 16(b) governs amendment of pleadings once a scheduling order has been issued. *S & W Enters., LLC v. Southtrust Bank of Ala., N.A.*, 315 F.3d 533, 535 (5th Cir. 2003). The scheduling order shall not be modified except "for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). To establish good cause, the movant must "show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S & W Enters.*, 315 F.3d at 535. Four factors are considered in making this inquiry: "1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (citing *S & W Enters.*, 315 F.3d at 536). The factors weigh strongly in favor of denial.

The Plaintiff argues that because he has been seeking discovery regarding the Defendants' relationship with the ranch since last fall that he has been diligent in protecting his legal rights. However, if the Plaintiff suspected fraud last fall and even had what he considered to be some evidence of fraud as a result of Dr. McCarroll's testimony, his failure to wait until June 15 to file the instant Motion is puzzling. In addition to Dr. McCarroll's testimony, the Plaintiff cites evidence he "anticipates" receiving as a part of recently ordered discovery as supporting his fraud allegation. But without knowing what he will receive, the Plaintiff's Motion can fairly be said to be based solely on Dr. McCarroll's deposition testimony. The Plaintiff is unable to provide a persuasive justification

for waiting over five months from that date to file the instant Motion.

The court acknowledges that the proposed amendment may, in fact, be of some importance. However, even without the amendment, the Plaintiff is not left without a remedy stemming from the underlying facts. In addition, doubt is cast on the importance of the amendment because of its being raised at the eleventh hour. Finally, granting leave to amend would prejudice the Defendants. The Defendants have conducted discovery, which has now been closed under the current scheduling order, and formulated their strategy on the basis of the live pleading, which does not include a claim of fraud.

Based on the foregoing, the court finds that good cause does not exist to allow the Plaintiff to amend his complaint in order to allege a fraud cause of action. Therefore, the court is of the opinion that the "Plaintiff's Motion for Leave to File Plaintiff's Second Amended Original Complaint, and Brief in Support" (de # 102) should be, and hereby is, DENIED.

IT IS SO ORDERED.

**SIGNED this the 2nd day of July, 2009.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE